UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY and
DEERBROOK INSURANCE COMPANY,

       Plaintiffs,

   -against-

VALLEY PHYSICAL MEDICINE &
REHABILITATION, P.C., ELITE PHYSICAL
MEDICINE & REHABILITATION, P.C.,
UNIVERSAL EXPRESS INC., DR. JOSEPH
MILLS, DR. PAVANI TIPIRNENI, DR.
SAROSH QUERESHY, DR. ERIC ROTH,
and DR. SWAPNIDIP LAHIRI,

       Defendants.

-----------------------------------X

**MEMORANDUM AND ORDER**

05-5934 (DRH)(MLO)

**Appearances:**

**Cadwalader, Wickersham & Taft LLP**
Attorneys for Plaintiffs
One World Financial Center
New York, NY 10281
By: William J. Natbony, Esq.

**Short & Billy, P.C.**
Attorneys for Plaintiffs
217 Broadway, Suite 300
New York, NY 10007
By: Skip Short, Esq.

**Friedman, Harfenist, Langer & Kraut**
Attorneys for Defendants Valley Physical
Medicine & Rehabilitation, P.C., Elite
Physical Medicine & Rehabilitation, P.C.,
Universal Express, Inc., Dr. Joseph Mills
and Dr. Pavani Tipirneni

300 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
By: Steven J. Harfenist, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court is Defendants' motion pursuant to 28 U.S.C. § 1292(b) for certification of the Court's March 31, 2008 Memorandum and Order for review by the Second Circuit. For the reasons set forth below, the motion is denied.

## Background

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company and Deerbrook Insurance Company (collectively "Allstate"or "Plaintiffs") commenced this action on December 20, 2005 asserting causes of action for fraud (first claim for relief), for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (second through seventh claims for relief), unjust enrichment/restitution (eighth claim for relief) and a declaratory judgment (ninth claim for relief). Allstate's claims arise out of payments it made from 1996 to 2002 totaling in excess of one million dollars to Defendants Valley Physical Medicine & Rehabilitation, P.C. ("Valley") and Elite Physical Medicine & Rehabilitation, P.C. ("Elite") for services allegedly rendered to Allstate's insureds under New York State's no-fault insurance system. (Compl. ¶¶ 58 & 66.) Defendants then moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and for sanctions. In moving to dismiss the claim for common law fraud, Defendants argued, inter alia, that the cause of action is precluded under New York's no-fault 30 day rule, *see* N.Y. Ins. Law §5106(a).

By Memorandum and Order dated February 21, 2007, this Court rendered a decision on

Defendants' Rule 12(b)(6) motion to dismiss and for sanctions, granting in part the motion to dismiss. As relevant to the instant motion for certification, the Court dismissed the fraudulent billing claims, except for those claims based on fraudulent billing for services, treatment or equipment that were never provided. The basis for the Court's Rule 12(b)(6) dismissal of the fraud and unjust enrichment claims grounded in fraudulent billing was:

> The complaint fails to allege that Allstate timely denied [in accordance with New York's no-fault 30-day rule] any of the allegedly fraudulent bills paid prior to April 4, 2002. Therefore, the addition of fraud claims premised on billing for excessive services, services that were medically unnecessary, or services by unlicensed individuals does not save Allstate's fraud and unjust enrichment claims. If no-fault insurers are precluded from raising fraudulent billing in the form of unnecessary or excessive services as a defense to non-payment absent a timely denial, then certainly such allegations cannot support an affirmative claim absent a timely denial. *Cf. Presbyterian Hosp.,* 90 N.Y.2d at 285 (stating no-fault's prompt payment of uncontested first party benefits "is part of the price paid to eliminate common law contested actions").

Thereafter, Allstate moved for reconsideration of the Court's February 21, 2006 decision to the extent it dismissed Allstate's fraud and unjust enrichment claims pursuant to the 30-day rule. By Memorandum and Order dated March 31, 2008 (the "2008 Decision"), the Court granted the motion for reconsideration and upon reconsideration vacated its prior decision to the extent it dismissed the fraudulent billing claims in the first and eighth causes of action. The Court held, on reconsideration that the fraudulent billing claims were not barred by New York's No-Fault Preclusion (a/k/a 30 day) Rule.

This motion, pursuant to 28 U.S.C. § 1292(b), followed.

**Discussion**

Certification of interlocutory appeals is governed by 28 U.S. C. § 1292(b). The statute provides that a district court may certify an interlocutory order for appeal if it "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . .." 28 U.S.C. § 1292(b). "The criteria are conjunctive, not disjunctive. 'The federal scheme does not provide for immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court.'" *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). Rather, each of the three conditions must be met. *Wausau Business Ins. Co. v. Turner Constr. Co.*, 151 F. Supp.2d 488, 491 (S.D.N.Y. 2001).

The Second Circuit has emphasized that district courts are to "exercise great care in making a § 1292(b) certification." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). "[T]he power to grant an interlocutory appeal must be strictly construed to the precise conditions stated in the law." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). "The statute is to be strictly construed and 'only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Colon v. BIC USA, Inc.,* 2001 WL 88230 at *2 (S.D.N.Y. Jan. 30, 2001) (quoting *Klinghoffer*, 921 F.2d at 25. *See also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

"Interlocutory appeal was not intended as a vehicle to provide early review of difficult

rulings in hard cases . . . . The benefit to the district court in avoiding an unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *Wausau,* 151 F. Supp.2d at 491; *see Primavera*, 139 F. Supp.2d at 570 ("Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation or to be a vehicle to provide early review of difficult rulings in hard cases.") (citations and internal quotation marks omitted).

Defendants argue that certification is warranted because, inter alia, the question at issue has not been addressed by the Second Circuit. *See* Defs.' Mem. at 10. "Simply because a question of law has not been authoritatively addressed, however, does not make the question grounds for a substantial difference of opinion. . . . Nor, for that matter, does the fact that the parties themselves disagree as to the interpretation of persuasive authority constitute a difference of opinion sufficient to warrant certification." *Williston v. Feliz*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) (citations and internal quotations omitted). *See also Wausau*, 151 F. Supp. 2d at 491. Both New York State and Federal courts have uniformly rejected the interpretation of section 5106 urged by the Defendants.[1] *See* 2008 Decision, slip op. at 7-11.

"In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or the certified issue has precedential value for a large number of cases." *Primavera*, 139 F. Supp. 2d at 570 (citing *Klinghoffer*, 921 F.2d at 24-25). In this case

---

[1] This Court's now vacated February 21, 2007 Order was the only decision that created a difference of opinion.

5

reversal of the 2008 Decision would not result in the dismissal of the action and would affect only two causes of action.² *Cf. Monaco v. Hogan*, 2008 WL 4104463, n.49 (E.D.N.Y. Aug. 29, 2008). Moreover, since the issue is one of pure New York state law affecting a common law cause of action, a decision by the Second Circuit, while binding precedent for district courts in this Circuit, would not carry the same precedential value for New York State courts where it appears the largest number of cases concerned with this issue are centered.

In sum, the Court concludes that the requirements for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) have not been met.

**Conclusion**

The motion for certification is denied.

**SO ORDERED.**

Dated: Central Islip
October 31, 2008

/s/
Denis R. Hurley,
United States Senior District Judge

---

² Indeed, Defendants spent barely one page of its twenty page memorandum in support of their motion to dismiss addressing the issue for which it now seeks certification. *See* Defs.' Mem. In Supp. at 13-14 (Docket No. 21-9).